### DECISION.

The deficiency determined by the Commissioner should be computed by allowing as a deduction for the fiscal year ending November 30, 1919, the additional salaries of $6,500, authorized in February, 1919. *Appeal of Van de Kamps Holland Dutch Bakers*, 2 B. T. A. 1247. Final determination will be settled on 10 days' notice, under Rule 50.

---

## APPEAL OF JANE B. COATES.

Docket No. 5456.  Submitted December 7, 1925.  Decided January 21, 1926.

*Oscar C. Pogge, Esq.*, for the taxpayer.
*Bruce A. Low, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income tax for the years 1919, 1920, 1922, and 1923, in the gross amount of $682.60.

#### FINDINGS OF FACT.

The taxpayer was, during the years involved, a married woman living separate and apart from her husband. She received, under a written agreement made and entered into between herself and her husband, the amount of $1,800 per annum during her natural life or until she remarried. These payments were to be made in the nature of and in lieu of alimony. The agreement above referred to was entered into and executed on the first day of April, 1911, but was not acknowledged before a notary public until June 3, 1920. It was in effect, however, and had been carried out according to its terms from the date of its execution.

During the years involved in this appeal the Commissioner included in the gross income of the taxpayer the above amount paid to her by her husband under said agreement.

During the years 1919, 1920, and 1922, the taxpayer had living with her a daughter, who was over 18 years of age but who was incapable of self-support on account of her physical condition and was dependent upon the taxpayer.

The taxpayer, on May 10, 1922, received $3,533.16, as a loan to the Pilocura Co., and deposited the same in her own name in the bank. The property on which the loan was secured belonged to the Pilocura Co., a corporation, and did not belong to the taxpayer, and the money received and deposited in her name belonged to that company.

On July 28, 1922, real estate situated at 1704 Kilbourne Place, Washington, D. C., was sold and the net amount of cash received, $919.12, was deposited in the bank to the credit of the taxpayer. The property sold did not belong to the taxpayer but was the property of the Pilocura Co., and the money received belonged to that company.

During 1922 the Pilocura Co. authorized the taxpayer to purchase for its account property situated at 1703 Irving Street, Washington, D. C. This property was sold in May, 1923, and the net amount of cash received, $3,341.25, was deposited to the credit of the taxpayer. This money belonged to the Pilocura Co., and did not belong to the taxpayer.

During 1923 the taxpayer received the sum of $394.19, which was deposited in the bank in her own name. This amount was received by her as treasurer of the White Cross Society, a charitable organization, and was not the property of the taxpayer.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

### APPEAL OF JOHN C. MOORE CORPORATION.

Docket No. 3437. Submitted August 1, 1925. Decided January 22, 1926.

*Kendall B. Castle, Esq.*, for the taxpayer.
*Benj. H. Saunders, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits tax for the calendar years 1918, 1919, and 1920, in the amounts of $2,128.71, $1,886.39, and $6,975.75, respectively. The deficiency for 1918 is not questioned, and, of the total deficiencies for 1919 and 1920, only approximately $800 and $5,600, respectively, are involved in the issue raised by the appeal.

The taxpayer alleges that the Commisioner erred in refusing to allow it to deduct as an expense, or as a loss, the amounts of $2,000 in 1919 and $14,000 in 1920, claimed to have been the amounts paid by it in excess of the value of certain real property purchased on December 26, 1912, under an agreement to pay to the person from whom the property was purchased $10,000 each year during her life, which annual payment was increased in 1916 to $14,000 a year.

### FINDINGS OF FACT.

Taxpayer is a New York corporation with principal office at Rochester. For some time prior to December, 1912, it had occupied,